UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY TORRESS,

                          Plaintiff,

            -against-

CITY OF NEW YORK, et al.,

                          Defendants.

23-CV-1961 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. For the following reasons, the complaint is dismissed.

        Plaintiff has previously submitted to this court a duplicate complaint against Defendants alleging the same set of facts. That case is pending before the Court under docket number 23-CV-1674 (JPC) (KHP). Because this complaint raises the same claims, no useful purpose would be served by the litigation of this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 23-CV-1674 (JPC) (KHP).

        Plaintiff submitted the complaint with a request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On March 10, 2023, the Court granted Plaintiff leave to proceed IFP and directed the agency having custody of Plaintiff to forward payments from his prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until the $350.00 filing fee is paid.[1] 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison

---

        [1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). The Court collects, when funds exist in a prisoner's account, an initial partial filing fee plus monthly payments until the filing fee is paid.

Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody). In light of the Court's belief that Plaintiff may have submitted this duplicate complaint in error, the Court vacates the March 10, 2023, order granting IFP and directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the agency having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Clerk of Court is directed to send a copy of this order to the agency having custody of Plaintiff. Plaintiff' s complaint is dismissed without prejudice.

## CONCLUSOIN

The Court dismisses Plaintiff's complaint as duplicative of No. 23-CV-1674 (JPC) (KHP).

The Court vacates the March 10, 2023, order granting IFP (ECF 4) and directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the agency having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit. The Court further directs the Clerk of Court to send a copy of this order to the agency having custody of Plaintiff. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 6, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge